# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>SUPER PET CENTER, INC.<br><br>Debtor | Bankruptcy No.: 10-08177 (SEK)<br><br>Chapter 11 |

## RESPONSE TO DEBTOR'S MOTION FOR AUTHORITY TO REJECT NON-RESIDENTIAL LEASE CONTRACT FOR SPACE AT PLAZA RIO HONDO

TO THE HONORABLE COURT:

COMES NOW DDR RIO HONDO LLC, S.E., ("DDR"), lessor and creditor of the above-referenced Debtor, and through its undersigned counsel, responds to Debtor's Motion for Authority to Reject Non-Residential Lease Contracts (the "Motion" or "Dkt. 16"):

1. By the Motion, Debtor seeks authority to (a) reject a lease of non-residential real property, a shopping center store location in Plaza Rio Hondo, in Bayamon, Puerto Rico; (b) pay the rent in respect of the administrative period, not immediately but rather as part of the reorganization plan yet to be proposed.

2. As to the rejection of Debtor's lease at Plaza Rio Hondo, DDR has no opposition, and indeed DDR requests that such rejection be effective September 30, 2010, the date when Debtor delivered to DDR the keys to the premises.

3. As to the payment of rent for the administrative period through September 30, 2010, (September 3-30, or twenty-seven days), DDR opposes Debtor's proposed deferment of such obligation, because Section 365(d)(3) of the Bankruptcy Code requires Debtor to pay now that obligation, as explained below.

4. Section 365(d)(3) of the Bankruptcy Code provides that a "trustee shall timely perform all the obligations of the debtor… arising *from* and *after* the order for relief under any unexpired lease of nonresidential real property, *until such lease is assumed or rejected,* notwithstanding section 503(b)(1)…" 11 U.S.C. §365(d)(3) (emphasis ours). Here, despite due demand therefor as shown by letter to Debtor's counsel appearing as **Exhibit 1** hereto, Debtor has failed to make the rent payment for the period September 3-30, 2010.

5.	The landlord of nonresidential real property is entitled to be paid its full rent after the case is filed, until the date of rejection (or assumption) of the lease, regardless of the value of the premises to the debtor (and even if the premises are vacated). *In re Child World Inc.*, 150 B.R. 328, 331 (Bankr. S.D.N.Y. 1993); *In re Cardian Mortgage Corp*, 127 B.R. 14, 15 (Bankr. E.D. Va. 1991); *In re Washington Bancorporation*, 125 B.R. 328 (Bankr. D.D.C. 1991). *See also In re Quesada-Vigo,* No. 08-06509 Dkt. No. 133, 2009 Bankr. LEXIS 3847 (Bankr. P.R. Nov. 16, 2009) slip. op. at 11-12[1].

6.	Here, until September 30, 2010, Debtor retained and controlled possession of the leased premises, and must pay immediately rent for twenty-seven (27) days, because such payment is required by U.S.C. §365(d)(3).

WHEREFORE, DDR Rio Hondo LLC, S.E. respectfully requests that this Court (i) authorize Debtor to reject its Non-Residential Lease Contracts with DDR effective September 30, 2010; (ii) order Debtor to pay $11,245.30 immediately as post-petition use and an occupancy under the lease; (iii) grant such other relief as it may deem necessary and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on October 6, 2010.

I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants in this case.

**O'NEILL & BORGES**
Attorneys for *DDR RIO HONDO LLC, S.E.*
American International Plaza
250 Muñoz Rivera Avenue, Suite 800
San Juan, Puerto Rico 00918-1813
Tel:	(787) 764-8181
Fax:	(787) 753-8944

*s/Lourdes A. Arroyo*
Lourdes A. Arroyo
USDC No. 226501
Email: lourdes.arroyo@oneillborges.com

---

[1] "...See In re Iron Age Corp, 378 B.R. 419, 423 (Bankr. D. Mass 2007)("....the 'notwithstanding Section 503(b)(1)' clause has eliminated the so-called 'benefits test' applied by courts in determining whether an expense is necessary to preserve the estate"); In re Pysxys Corp., 288 B.R. 309. [Bankr. D. Mass 2003]."