# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN THE MATTER OF:<br><br>SUPER PET CENTER INC<br>Debtor(s) | CASE NO.: 10-08177 (SEK)<br><br>CHAPTER 11 |

## OBJECTION TO DISCLOSURE STATEMENT AND CHAPTER 11 PLAN

TO THE HONORABLE COURT:

COMES NOW creditors TANIA DEL LLANO JIMENEZ and IAN DEL LLANO JIMENEZ represented by the undersigned attorney who respectfully set forth and prays:-

## INTRODUCTION

TANIA DEL LLANO JIMENEZ and IAN DEL LLANO JIMENEZ are creditors and parties in interest in the above captioned case; they are two of the heirs of the estate of RAUL DEL LLANO LAGO, former President and former sole stockholder of Debtor. After RAUL DEL LLANO LAGO passed away, Aida Ortiz Ortiz exercised unwarranted control of the decedent's estate property, including the administration of Debtor. This situation caused extensive litigation proceedings for the liquidation of the hereditary estate.

All litigation expenses led the parties to intent the resolution of the issues through a stipulation for the allocation and distribution of the heirs' estate. The stipulation was agreed upon and later converted into Judgment in case DPE2007-1532, (attached herein as Exhibit A).

As per the Judgment, Debtor was required to cancel a liens on a property located at Urb. San Francisco. Debtor failed to act according to the terms of the Judgment, thus leaving and unsecured claim to the appearing creditors in the amount of $176,984.57.

On December 28th, 2010 Debtor filed a Disclosure Statement and a Reorganization Plan. This Honorable Court has scheduled a hearing on the adequacy of the Disclosure Statement for January 19th, 2011.

The appearing creditor hereby raises this objection to the adequacy of the information contained in the Disclosure Statement and to the Confirmation of the Plan, primarily because the Disclosure Statement describes a plan which violates the requirements of 11 U.S.C. § 1129 (a) (1), 1129 (a) (2), 1129 (a) (3), and is contrary to the provisions of sections 1122, 1123 (a) (4) and 1124; as such, a non confirmable plan. Debtor's Reorganization Plan contains impermissible classification, unfairly discriminates with claim #23. The specific facts of this case and the totality of the circumstances, raises doubts as to the compliance of the good faith requirement for the confirmation of the plan.

## THE FACTS

1. A final Judgment was entered in state court case DPE2007-1532, by virtue of which, Debtor came liable for the cancellation of any lien over a property located at Urb. San Francico; this unsatisfied portion of the Judgment constitutes a personal liability of Debtor.

2. A proof of claim was properly executed and timely filed by the appearing creditor. It was filed as an unsecured claim, and has not been objected by Debtor. According to F.R.B.P. 3001(f) it carries a presumption of validity; unless it is challenged by a proper objection, the claim is automatically allowed pursuant to F.R.B.P. 5202(a).

3.	Debtors' Disclosure Statement describes a plan drafted designating six classes, allegedly in accordance with the requirements of 11 U.S.C. § 1122, 1123.

4.	The appearing party's claim has been classified by Debtor under Class 5 [CLASS 5 ESTATE OF RAUL DEL LLANO (TANIA AND IAN DEL LLANO)], provided for with the following treatment and justification: ***"The Debtor does not propose any distribution to this class. This class will receive payment in the Chapter 11 case of Ms. Aida Ortiz Ortiz. This class is impaired."*** (See page 9 of Debtor's Reorganization Plan).

5.	A class of general unsecured creditors is classified as Class 4 (CLASS 4 GENERAL UNSECURED CREDITORS), receiving a much more favorable treatment, and we cite from the plan: *"With respect to the remaining claims on this class the Debtor shall distributed on a prorate basis the amount of $100,000.00 to all members of this class."* (See page 8 of Debtor's Reorganization Plan).

6.	Further, a third class of unsecured creditors (CLASS 3 LANDLORDS), receiving the same treatment of Class 4, has been created.

7.	Notwithstanding to 11 U.S.C. § 1124 (2), the only creditor receiving different treatment under Class 3 is characterized as impaired, although in fact it is unimpaired creditor since it will receive full payment on its claim; this is a clear intent to manipulate votes to obtain the acceptance of an "impaired class".[1]

---

1.	Section 1124, provides that a class is impaired with respect to each claim of such class, unless, it cures any such default that occurred before the commencement of the case. See 11 U.S.C. § 1124 (2) (A).

# APPLICABLE LAW

8. Section 1125 of the Bankruptcy Code deals with the requirements of information disclosure to parties in interest affected by a reorganization plan. It provides on its pertinent part that:

> *"adequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed Judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information"…(Our Omissions)*

9. Section §1125 (e) mandates as a pre- requisite to the solicitation of acceptances or rejections of a plan, that a written Disclosure Statement containing adequate information must be approved by the court after notice and hearing.

10. The definition of "adequate information" in section 1125 (a) (1) includes information reasonably detailed as far as is practicable. The term "adequate information" varies from case to case, and it's ultimately a determination to be made by the Bankruptcy Court. "*The above cited section of law gives the Bankruptcy Court considerable discretion in determining whether a disclosure statement provides "adequate information"* and this determination is made on a case-by case basis. *In re Lisanti Foods, Inc.* 329 B.R. 491(Bankr. D. N.J. 2005).

11. As minimum, a Disclosure Statement must contain accurate information as may reasonably be furnish form debtor's books and records. See *In re Werth,* 13 B.R. 926 (Bankr. D.

Colo. 1981). The purpose of the Disclosure Statement is to provide "adequate information" to creditors to enable them to decide whether to accept o reject the plan. *In re Ferretti* 128 BR 16 (Bankr. D. N. H. 1991).

12. Lack of adequate information is sufficient cause for this Honorable Court not to approve the Disclosure Statement**, also this Honorable Courts may refuse to approve a Disclosure Statement that describes a plan that can not be confirmed**. See *In re Bjolmes Realty Trust,* 134 B.R. 1000, 1002 (Bankr.D.Mass.1991);

13. At the hearing on the approval of a disclosure statement, the court may consider issues pertaining to the plan and rule upon such issues when the plan defects will make it unconfirmable. *In re Felicity Assocs*., 197 B.R. 12, 14 (Bankr. D. Rhode Island 1996).

14. Relevant issues pertaining to the plan are the classification of claims, an artificial classification of a claim, whether the plan unfairly discriminates against a class of claims, and the solicitation procedure. See *In re Hillside Park Apts*., L.P., 205 B.R. 177 (Bankr. W.D. Missouri 1997).

15. Thus, it is within this Honorable Court's sound discretion to address all issues raised in this Objection at the Disclosure Statement Hearing.

**IMPERMISSIBLE CLASSIFICATION – UNFAIR DISCRIMINATION**

16. A Debtor's ability to place unsecured claims in separate classes is governed by 11 U.S.C. § 1122 which provides:

> *(a) Except as provided in subsection (b) of this section, a plan may place a claim or an interest in a particular class only if such claim or interest is substantially similar to the other claims or interests of such class.*
> *(b) A plan may designate a separate class of claims consisting only of every unsecured claim that is less than or reduced to an amount that the court approves as reasonable and necessary for administrative convenience.*

17. Section 1123(a) provides, that a Reorganization Plan shall - (1) designate classes of claims, other than claims entitled to priority under sections 507(a)(2), 507(a)(3), and 507(a)(8), and classes of interests; (2) specify any class of claims or interests that is not impaired under the terms of the plan; (3) specify the treatment of any class of claims or interests that is impaired under the plan; and (4) provide the same treatment for each claim or interest of a particular class unless the holder of such claim or interest agrees to less favorable treatment.

18. Section 1129 (a) (1) provides that the court may confirm a plan only if the plan complies with the applicable provisions of chapter 11. Thus, a plan may not be confirmed unless the classification of claims complies with the requirements of section 1122, and the plan includes the mandatory provisions described in section 1123 (a).

19. *"The general rule in our circuit is that all creditors of equal rank with claims against the same property should be placed in the same class"*. *Granada Wines, Inc. v. New England Teamsters & Trucking Industry Pension Fund,* 748 F.2d 42, 46 (1st Cir. 1984).

20. The First Circuit has adopted a strict approach, namely, that all claims of equal legal priority must be placed in the same class, subject to the administrative convenience exception. See *Granada Wines,* 748 F.2d 42 at 46 ("Separate classifications for unsecured creditors are only

justified where the legal character of their claims is such as to accord them a status different from the other unsecured creditors.").

21. When a creditor objects to the classification of a particular class of claims, *"the burden is on the debtor to show that unequal treatment between classes having the same priority does not constitute unfair discrimination."* See *In re Barney & Carey Co.*, 170 B.R. 17, 24 (Bankr. D. Mass. 1994).

## OBJECTION TO DISCLOSURE STATEMENT

22. Federal Rule of Bankruptcy Proceeding 3017 governs the aspects of the court's consideration of a Chapter 11 Disclosure Statement. Any objection to the final approval of the Disclosure Statement shall be filed and served to all parties in interest within the time fixed by the court. In accordance to cited Rule 3017, the appearing creditors hereby objects to the adequacy of the Disclosure Statement and to the Confirmation of the Plan filed on the following grounds:

(i) The Disclosure Statement describes a non confirmable plan because of improper classification, and unfair discrimination as to claim unsecured claim #23.

(ii) Given the specifics facts of the case, The Disclosure Statement describes a plan not proposed in good faith, a prerequisite for confirmation under 11 U.S.C. § 1129 (a) (1).

23. Debtor's chapter 11 plan, classifies two classes of unsecured creditors, separately from the class of general unsecured claims. Without valid justification, such classifications make the plan unconfirmable, and thus, the Disclosure Statement shall not be approved.

24. Debtor's Disclosure Statement describes a plan which contains impermissible classification, unfairly discriminates with claim #23, and is neither fair nor equitable. For the foregoing reasons, the appearing party contends that Debtor's proposed plan is facially unconfirmable.

25. Debtor's Disclosure Statement describes a plan that fails to comply with the provisions of the bankruptcy code in contravention to section 11 U.S.C. § 1122, 1129 (a) (2).

26. If Debtor's sole intent is gerrymandering an accepting impaired class or to negate fair and equitable distribution to the appearing party, then the requirement of good faith in Debtor's chapter 11 plan is inexistent.

27. The term good faith, as used in section 1129, means that there exist "a reasonable likelihood that the plan will achieve a result consistent with the objective and purposes of the Bankruptcy Code. The plan must be viewed in light of the totality of circumstances. See *In re Madison Hotels Assocs.*, 749 F.2d 410,415 (7th Cir. 1984), *Noreen v. Slattengren*, 974 F.2d 75,76 (8th Cir. 1992); *Handeen v. LeMarie (In re LeMarie)*, 898 F.2d 1346, 1349 (8th Cir. 1990)].

## RESERVATION OF RIGHTS

TANIA DEL LLANO and IAN DEL LLANO reserve the right (a) to amend, supplement, or otherwise modify this objection; and (b) to raise such other and further objections if additional information is obtained.

WHEREFORE, PREMISES CONSIDERED, the appearing creditors respectfully request that this Honorable Court enter an order: (i) sustaining this objection; (ii) denying approval of Debtors Disclosure Statement, (iv) granting the appearing creditors such other and further relief to which they may show themselves to be justly entitled.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the present motion was filed electronically with the Clerk of the Court using CM/ECF systems which will send notifications of such to the US Trustee, and all participants of CM/ECF System; to debtor's attorneys, LUISA VALLE CASTRO and CARMEN D CONDE TORRES 254 SAN JOSE STREET 5TH FLOOR SAN JUAN, PR 00901-1523, and to all parties in interest as per the attached master address list.

In San Juan, Puerto Rico, on the 9th day of January, 2011.

W&B LAW OFFICES, P.S.C.
American Airlines Building
1509 Lopez Landron, 10th Floor
San Juan, PR  00911
Tel. 787-607-4041
*/s/Carlos R. Hernandez-Vivoni*
Carlos R. Hernandez-Vivoni, Esq.
USDC PR 221609
E-Mail: chernandez@wblawpr.com