IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>SUPER PET CENTER, INC.<br><br>Debtor | CASE NO.: 10-08177 (SEK)<br><br><br><br>CHAPTER 11 |

## AMENDED PLAN OF REORGANIZATION

The above captioned Debtor, Super Pet Center, Inc, through the undersigned counsel, hereby submit the following proposed plan of reorganization (hereinafter, the "Plan") pursuant to Section 1121(e) of Title 11 of the United States Bankruptcy Code (11 U.S.C.) and FRBP 3017.1.

Pursuant to the provisions of Sections 1122 and 1123 of the Code, the Debtor proposes the classification and treatment of claims as hereinafter stated.

Creditors and other parties in interest are urged to read and consider the Plan in full since it represents a proposed legally binding agreement between the Debtor, creditors and parties in interest.

### ARTICLE I
### DEFINITIONS

For the purposes of this Plan of Reorganization (the "Plan"), the following terms shall have the respective meanings set forth. A term used but not defined herein, which is also used in the Bankruptcy Code, shall have the meaning ascribed to that term in the Bankruptcy Code. Wherever from the context it appears appropriate, each term stated shall include both the singular and the plural, and pronouns shall include the masculine, feminine and neuter, regardless of how stated. The words 'herein", "hereof", "hereto", "hereunder" and other words of similar import refer to the Plan as a whole and not to any particular section, sub-section or clause contained in the Plan. The rules of construction contained in Section 102 of the Bankruptcy Code shall apply to the terms of this Plan. The headings in the plan are for convenience of reference only and shall not limit or otherwise affect the provisions hereof.

1. *"Administrative Creditor"* shall mean a person entitled to payment of an Administrative Expense Claim.

2. *"Administrative Expense Claim"* shall mean any Claim constituting a cost or expense of administration of the Chapter 11 proceeding allowed under 11 U.S.C.

Sec. 503(b) and 507(a)(1).

3. *"Allowed Claim"* shall mean any Claim, proof of which was properly filed on or before the Bar Date set by the Bankruptcy Court, namely, November 9, 2009, for all creditors except a governmental unit and for a governmental unit, January 4, 2010, or if no proof of claim has been so filed, any claim which has been or hereafter is listed by the Debtor in its Schedules (as they may be amended or supplemented from time to time in accordance with the Bankruptcy Rules) and is not listed as disputed, contingent or unliquidated and, in either case, a claim to which no objection to the allowance thereof has been interposed within the applicable period of limitation (if any) fixed by the Bankruptcy Court, or as to which any objection has been determined by a Final Order. Unless otherwise provided for in this Plan, "Allowed Claim" shall not include interest, costs, fees, expenses or other charges on the principal amount of such Claim from and after the Petition Date.

4. *"Allowed Secured Claim"* shall mean any Allowed Claim which is a Secured Claim and shall include in the amount thereof -- unless otherwise stated in this Plan - all interest accrued on or after the Petition Date, fees, costs, and charges as may be allowed.

5. *"Bankruptcy Code"* or *"Code"* shall mean the provision of Title 11 of the United States Code, 11 U.S.C. Sections 1101 et seq., as amended from time to time.

6. *"Bankruptcy Court"* or *"Court"* shall mean the United States Bankruptcy Court for the District of Puerto Rico, having jurisdiction over this Chapter 11 proceeding, or such other court as may be exercising jurisdiction over this Chapter 11 proceeding.

7. *"Bankruptcy Rules"* or *"Rules"* shall mean the Federal Rules of Bankruptcy Procedure, as amended from time to time, as promulgated under 28 U.S.C. §2075, and any local rules of the Bankruptcy Court.

8. *"Bar Date"* shall mean the deadline January 11, 2011, for all creditors except a governmental unit and March 8, 2011 for a governmental unit, after which any proof of claim filed will not have any effect on this Plan and will not entitle its holder to participate with other Claims in distributions under this Plan or to vote on the Plan.

9. *"Cash"* shall mean lawful currency of the United States of America (including wire transfers, cashier's checks drawn on a bank insured by the Federal Deposit Insurance Corporation, certified checks and money orders).

10. *"Claim"* shall mean any right to payment whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured,

disputed, undisputed, legal, equitable, secured or unsecured; or any right to an equitable remedy for breach of performance if such breach gives rise to a right of payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, continent, matured, unmatured, disputed, undisputed, secured or unsecured.

11. *"Class"* shall mean a category of holders of Claims or Interests as those classes are designated in Article II of this Plan.

12. *"Collateral"* shall mean any property or interest in property of the Estate subject to a lien to secure the payment or performance of a Claim, which lien is not subject to avoidance under the Bankruptcy Code or otherwise invalid under the Bankruptcy Code or applicable law.

13. *"Confirmation Date"* shall mean the date the Confirmation Order in this Chapter 11 proceeding made in accordance with the provisions of 11 U.S.C. Section 1129 becomes a Final Order.

14. *"Confirmation Order"* Shall mean the order of the Bankruptcy Court confirming the Plan pursuant to the provisions of the Bankruptcy Code.

15. *"Consummation Date"* shall mean the date by which all of the conditions precedent to consummation as set forth in this Plan, shall have been met or waived.

16. *"Cramdown"* shall mean the confirmation of the Plan under 11 U.S.C. §1129 (b).

17. *"Creditor"* shall mean any Person who has a Claim against the Debtor which arose on or before the Petition Date or a Claim of any kind specified in 11 U.S.C. Sections 502(g), 503(h) or 502(I).

18. *"Creditors' Committee"* shall mean the elected committee which represents the Creditors in a proceeding pursuant to 11 U.S.C. Section 705. A creditor's committee was not appointed in this case.

19. *"Debtor"* shall mean, Super Pet Center, Inc.

20. *Disclosure Statement"* shall mean the Disclosure Statement filed by the Debtor with the Bankruptcy Court in this Chapter 11 Proceeding pursuant to 11 U.S.C. Section 1125, including, without limitation, all exhibits and schedules thereto, as approved by the Bankruptcy Court and notified to all Creditors and parties in interest, in accordance with the provisions of the Bankruptcy Code and Rules.

21. *"Effective Date"* shall mean thirty days after the order of confirmation becomes a final and firm order, and shall be the date on which the Debtor will commence to

make its cash payments under the reorganization plan.

22. *"Estate"* shall mean the Property owned by the Debtor which comprises the Chapter 11 estate of the Debtor in the above-captioned Chapter 11 proceeding pursuant to Section 541 of the Bankruptcy Code.

23. *"Final Order"* shall mean an Order of the Bankruptcy Court (or other court of appropriate jurisdiction) which shall not have been reversed, stayed, modified or amended and the time to appeal from or to seek review or rehearing of such order shall have expired, and as to which no appeal or petition for review or rehearing or certiorari proceeding is pending, as a result of which such Order shall have become final in accordance with Rule 8002 of the Rules of Bankruptcy Procedure, as such Rule may be amended from time to time; provided, however, that the possibility that a motion under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure, or any analogous rule under the Bankruptcy Rules, may be filed with respect to such order shall not cause such order not to be a Final Order.

24. *"Lien"* shall mean a mortgage, pledge, judgment lien, security interest, charging order, or other charge or encumbrance on Property as is effective under applicable law as of the Petition Date.

25. *"Liquidation Analysis"* shall mean the analysis of the assets and liabilities of the Debtor, in order to determine the Liquidation Value of the Debtor's Property.

26. *"Liquidation Value"* shall mean the value which any item of the Debtor's property could be expected to bring at a Liquidation.

27. *"Person"* shall mean any individual, corporation, partnership, association, joint stock company, trust, unincorporated organization, government or any political subdivision thereof, or other entity.

28. *"Petition Date"* shall mean September 3, 2010, the date on which the instant Chapter 11 proceeding was commenced by the Debtor's filing of its Voluntary Petition.

29. *"Plan"* shall mean this Amended Plan of Reorganization under Chapter 11 of the Bankruptcy Code, including, without limitation, all exhibits, supplements, appendices and schedules hereto and thereto, either in their present form or as the same may be altered, amended or modified from time to time.

30. *"Priority Claim"* shall mean any Allowed Claim, other than an Administrative Expense Claim or Priority Tax Claim, to the extent entitled to priority in payment under 11 U.S.C. Section 507(a).

31. *"Priority Creditor"* shall mean any Creditor which is the holder of a Priority

Claim.

32. *"Priority Tax Claim"* shall mean any Allowed Claim of any Person who is entitled to a priority in payment under 11 U.S.C. Section 507(a)(8).

33. *"Priority Wage Claim"* shall mean any Allowed Claim of any Person who is entitled to a priority in payment under 11 U.S.C. Section 507(a)(3).

34. *"Property"* shall mean the property of the Estate which shall be administered by the Debtor.

35. *"Pro Rata"* shall mean in the same proportion that a Claim or Interest in a given Class bears to the aggregate amount of all Claims (including disputed Claim until allowed or disallowed) or the aggregate number of all Interests in such Class.

36. "Schedules" shall mean the schedules of assets and liabilities, the list of holders of interests and the statement of financial affairs filed by the Debtor under Section 521 of the Bankruptcy Code and Bankruptcy Rule 1007, as such schedules, lists and statements have been or may be supplemented or amended from time to time.

37. *"Secured Claim"* shall mean a Claim, the holder of which is vested with a perfected, non-voidable Lien on Property in which the Debtor has an interest, which Lien is valid, perfected, and enforceable under applicable law and not subject to avoidance under the Code or other applicable non-bankruptcy law, and is duly established in this case, to the extent of the value of such holder's interest in the Debtor's interest in such Property, as determined in accordance with 11 U.S.C. Section 506.

38. *"Secured Creditor"* shall mean a Creditor who has a Secured Claim.

39. *"Small Business Debtor"* shall means a person engaged in commercial or business activities that has aggregate non contingent liquidated secured and unsecured debts as of the date of the petition or the date of the order for relief in an amount not more than $2,000,000.00.

40. *"Substantial Consummation"* of this Plan shall mean the commencement of any of the events provided for in 11 U.S.C. Sec. 1101.

41. *"Trustee"* shall mean the Debtor-in-Possession.

42. *"Voluntary Petition"* shall mean the voluntary Petition for Relief filed by the Debtor on the Petition Date.

## ARTICLE II
## SUMMARY OF THE PLAN
## CLASSIFICATION AND TREATMENT OF CLAIMS

### A. DESIGNATION OF CLASSES OF CLAIMS AND INTERESTS

The Plan has been drafted designating seven (7) classes. All classes are designed in accordance with the requirements of 11 U.S.C. 1122 and 1123. Creditors are identified by Debtor under each class. All creditors and other parties in interest are urged to read and consider the Plan in full inasmuch as it represents a proposed legally binding agreement with the Debtor and any other party involved. The classes of creditors are as follow:

### *CLASS 1 ADMINISTRATIVE CLAIMS*

Shall consist of **ALLOWED ADMINISTRATIVE EXPENSE PRIORITY CLAIMS**, as provided under Section 503 of the Code, including, but not limited to, fees to the United States Trustee, fees and expenses of the Debtor's counsel, accountant and any other professionals retained by the Debtor, as may be allowed by the Bankruptcy Court upon application therefore and after notice and hearing in accordance with the Bankruptcy Code and Rules, and court costs accrued since the petition date. Debt under this class is estimated in $30,000.

### *CLASS 2 SECURED CLAIM* - Oriental Bank, formerly Eurobank

This class consists of secured creditor Oriental Bank The Debtor has a commercial loan with Oriental Bank which is secured by the Debtor's inventory. As of the Petition date, the total outstanding balance on the loan was $300,000.00. Oriental Bank filed secured claim no. 1 in the amount of $301, 348.21  This amount is secured up to the amount of the value of the collateral.

### *CLASS 3 LANDLORDS*

This class shall consist of the claims of landlords of the Debtors who have been listed in the Schedules or who have filed proof of claims asserting unsecured claims for past due rents.
The Debtor had leases with CRV Rio Hondo SE, LP, LLP and with Caparra Center Associates, LLC for commercial premises in the shopping centers owned by these lessor. Nevertheless, the Debtor rejected both leases on October 1, 2010. Caparra Center Associates, LLC filed claim # 6 in the amount of $129,558.86. The Debtor listed CRV Rio Hondo SE, LP, LLP in the amount of $$61,786.40 as a contingent and unliquidated claim. The claims of these creditors are unsecured claims. The Debtor also holds a lease that is to be rejected with Plaza Carolina Mall, LP. Pursuant to Debtor's records there are no pre-petition arrears owed to this landlord.
The other landlords of the Debtor whose leases are to be assumed are Plaza Las Américas, Inc. (Plaza Las Américas Mall) and A Cordero Badillo, Inc. (Drive Inn Plaza). The Debtor listed Plaza Las Américas in the amount of $28,834.90. Plaza Las Américas filed claim #21 in the

amount of $47,885.00. Pursuant to Debtor's records there is no pre-petition amount owed to A Cordero Badillo, Inc. (Drive Inn Plaza).

### *CLASS 4: OTHER GENERAL UNSECURED CREDITORS:*

This class shall consist of all other **GENERAL UNSECURED CREDITORS,** excluding the members which form part of Class 3, listed by the Debtor and those entities who have filed proof of claims asserting an unsecured obligation. General unsecured creditors related to this Class were listed in Debtor's Amended Schedules in the total amount of $771,364.08. After review of the proof of claims filed to date, those listed by the Debtor, the exclusion of the claims of insiders, and the agreements reached with several creditors, the liability to unsecured creditor, including disputed, contingent and unliquidated claims is estimated in the amount of $1,695,759.00.

### *CLASS 5*     ESTATE OF RAUL DEL LLANO (TANIA AND IAN DEL LLANO)

This class consists of Ms. Tania del Llano and Ian del Llano, heirs of Mr Raul del Llano, Debtor's former President and shareholder. This class is claiming against the Debtor and Ms Aida Ortiz Ortiz the compliance with a stipulation executed in the state court case no. DPE 2007-1532 (503) which provided for the liberation of a real property registered in the name of Ms. Aida Ortiz Ortiz, Debtor's President. Ms. Ortiz Ortiz is also a chapter 11 debtor in case no. 10-08174. The related property serves as collateral to Debtor's debt with Banco Santander Puerto Rico ("BSPR"). The claim by this class is unsecured as to the Debtor.

### **CLASS 6**     **SUBORDINATED CLAIMS- DDR RIO HONDO**

DDR Rio Hondo's claim will be partially subordinated to all other general unsecured claims. The amount of $125,000 (part of the rejection damages) will be classified separately as subordinated to general unsecured claims, pursuant to the agreement reached by the parties in order to resolve the contested matter related to the claim filed by this creditor for rejection damages.

### *CLASS 7*     **EQUITY SECURITY AND/OR OTHER INTEREST HOLDERS**

This class includes all equity security and interest holders which are the owners of the stock of the Debtor.

### B. TREATMENT OF CLASSES OF CLAIMS AND INTERESTS

### *CLASS 1*     *ADMINISTRATIVE CLAIMS*

Shall consist of **ALLOWED ADMINISTRATIVE EXPENSE PRIORITY CLAIMS,** as provided under Section 503 of the Code, including, but not limited to, fees to the United States Trustee, fees and expenses of the Debtor's counsel, accountant and any other professionals retained by the Debtor, as may be allowed by the Bankruptcy Court upon application therefore

and after notice and hearing in accordance with the Bankruptcy Code and Rules, and court costs accrued since the petition date. Debt under this class is estimated in $30,000. Claimants under this class will be paid in full on effective date or as agreed between the Debtor and the professionals. This class in not impaired.

### *CLASS 2*  SECURED CLAIM - Oriental Bank, formerly Eurobank

This class consists of secured creditor Oriental Bank The Debtor has a commercial loan with Oriental bank which is secured by the Debtor's inventory. As of the Petition date, the total outstanding balance on the loan was $300,000.00. Oriental bank filed secured claim no. 1 in the amount of $301,348.21 This amount is secured up to the amount of the value of the collateral.

With respect to the outstanding obligation, the Debtor proposes to restructure the loan and provide payment in 60 consecutive monthly installments with an amortization period of 10 years and an interest rate of 6%. At the end of the 60 month period the Debtor will provide a balloon payment. This will result in a lower monthly payment for the Debtor. This class is impaired.

### *CLASS 3*  LANDLORDS:

This class shall consist of the claims of landlords of the Debtors who have been listed in the Schedules or who have filed proof of claims asserting unsecured claims for past due rents.

The Debtor had leases with CRV Rio Hondo SE, LP, LLP and with Caparra Center Associates, LLC for commercial premises in the shopping centers owned by these lessor. Nevertheless, the Debtor rejected both leases on October 1, 2010. Caparra Center Associates, LLC filed claim # 6 in the amount of $129,558.86. The Debtor listed CRV Rio Hondo SE, LP, LLP in the amount of $$61,786.40 as a contingent and unliquidated claim. The claims of these creditors are unsecured claims. The Debtor also holds a lease that is to be rejected with Plaza Carolina Mall, LP. Pursuant to Debtor's records there are no pre-petition arrears owed to this landlord.

The other landlords of the Debtor whose leases are to be assumed are Plaza Las Américas, Inc. (Plaza Las Américas Mall) and A Cordero Badillo, Inc. (Drive Inn Plaza). The Debtor listed Plaza Las Américas in the amount of $28,834.90. Plaza Las Américas filed claim #21 in the amount of $47,885.00. Pursuant to Debtor's records there is no pre-petition amount owed to A Cordero Badillo, Inc. (Drive Inn Plaza).

The claims of the landlords whose leases have been rejected the Debtor shall distribute a dividend under Class 4 of the plan. The claim held by Plaza Las Américas will be paid in full as per the terms agreed by the parties. This class is impaired.

### *CLASS 4*  OTHER GENERAL UNSECURED CREDITORS

This class shall consist of all other **GENERAL UNSECURED CREDITORS**, excluding the members which form part of Class 3, listed by the Debtor and those entities who have filed

proof of claims asserting an unsecured obligation. General unsecured creditors related to this Class were listed in Debtor's Amended Schedules in the total amount of $771,364.08. After review of the proof of claims filed to date, those listed by the Debtor, the exclusion of the claims of insiders, and the agreements reached with several creditors, the liability to unsecured creditor, including disputed, contingent and unliquidated claims is estimated in the amount of $1,695,759.00.

With respect to the remaining claims in this class, the Debtor shall distribute on a prorate basis the amount of $100,000.00 to all members of this class. Payments will be made over the course of 48 months from the effective date, with yearly distributions of the total amount of $25,000.00. Please see Exhibit 1, the Payment Plan for full treatment and payment schedule. This class is impaired.

### CLASS 5     ESTATE OF RAUL DEL LLANO (TANIA AND IAN DEL LLANO)

This class consists of Ms. Tania del Llano and Ian del Llano, heirs of Mr Raul del Llano, Debtor's former President and shareholder. This class is claiming against the Debtor and Ms Aida Ortiz Ortiz the compliance with a stipulation executed in the state court case no. DPE 2007-1532 (503) which provided for the liberation of a real property registered in the name of Ms. Aida Ortiz Ortiz, Debtor's President. Ms. Ortiz Ortiz is also a chapter 11 debtor in case no. 10-08174. The related property serves as collateral to Debtor's debt with Banco Santander Puerto Rico ("BSPR"). The claim by this class is unsecured as to the Debtor.

The parties have reached an agreement in order to settle the disputes related to the objection to the Disclosure Statement and the confirmation of the Plan. The claims filed by this creditor will be paid as general unsecured creditors under Class 4. This class is impaired.

### CLASS 6     SUBORDINATED CLAIMS- DDR RIO HONDO

DDR Rio Hondo's claim will be partially subordinated to all other general unsecured claims. The amount of $125,000 (part of the rejection damages) will be classified separately as subordinated to general unsecured claims, pursuant to the agreement reached by the parties in order to resolve the contested matter related to the claim filed by this creditor for rejection damages.

If and when there is income after taxes sufficient to make the required payments that year to all general unsecured claims under Class 4, then the subordinated claim under this class will be paid so long as the cumulative payments to the subordinated claim do not exceed the lesser of (i) 6% of the subordinated claim; and (ii) the cumulative dividend percentage paid to date upon general unsecured claims. This class is impaired.

### CLASS 7 EQUITY SECURITY AND/OR OTHER INTEREST HOLDERS

This class includes all equity security and interest holders which are the owners of the stock of the Debtor. This class will not receive payment and is not entitled to vote.

*(All creditors are requested to review **Exhibit 1** which provides for the payments under the Plan with the corresponding assumptions.)*

## ARTICLE III
## IMPAIRMENT OF EXISTING CLAIMS AND INTERESTS

As provided by 11 U.S.C. §1124, a class of claims or interests is impaired under a plan unless, with respect to each claim or interest of such a class, the Plan:

(1) leaves unaltered the legal, equitable, and contractual rights to which such claim or interest entitles the holder of such claim or interest; or

(2) not withstanding any contractual provision or applicable law that entitles the holder of such claim or interest to demand or receive accelerated payment of such claim or interest after the occurrence of a default.

(A) cures any such default that occurred before or after the commencement of the case under this title, other than a default of a kind specified in section 365(b)(2) of this title;

(B) reinstates the maturity of such claim or interest as such maturity existed before such default;

(C) compensates the holder of such claim or interest for any damages incurred as a result of any reasonable reliance by such holder on such contractual provision or such applicable law; and

(D) does not otherwise alter the legal, equitable, or contractual rights to which such claim or interest entitles the holder of such claim or interest.

## ARTICLE IV
## PAYMENT TO PRIORITIES UNDER SECTION 507 (a)(8) OF THE CODE

The following are the priority claims filed and/or listed by the Debtor in its Schedules:
a. CRIM was listed by the Debtor in the amount of $75,845.92. CRIM filed an unsecured claim number 2 in the amount of $483,673.86.
b. Municipality of Bayamón was listed with a priority claim in the amount of $2,801.54 for municipal taxes.
c. Municipality of Carolina was listed with a priority claim in the amount of $5,704.86 for municipal taxes.
d. Municipality of Cataño was listed with a priority claim in the amount of $142.00 for municipal taxes. This creditor filed claim number 18 in the amount of $1,546.24.

e.  Municipality of Guaynabo was listed with a priority claim in the amount of $5,860.28 for municipal taxes.
f.  Municipality of San Juan was listed with a priority claim in the amount of $20,436.16 for municipal taxes.
g.  Internal Revenue Service filed claim #15 in the total amount of $2,934.31. The same has a priority portion in the amount of $2,641.39 and an unsecured portion of $292.92.

h.  Department of Treasury filed claim #34 in the total amount of $1.491,414.66. The same has a priority portion of $29,928.96. The Debtor understands that the amounts claimed are not owed. It is currently negotiating with this creditor in order to reconcile the amounts owed. Pursuant to the records of the Debtor the allowed priority portion should be $14,508 and the general unsecured portion should be $26,915.00. In the event the parties are unable to reach an agreement, this claim will be objected.

All unsecured priority governmental claims pursuant to Section 507(a)(8) of the Code, as the same are allowed, approved and ordered to be paid by the Court, will receive in 100% plus interest at the prime rate (determined as of confirmation date) in full payment of their Allowed Claim and/or any other agreed amount within the term provided by the Code. *See* Payment Plan, Unsecured Priority Claims. **Exhibit 1, supra.**

## ARTICLE V
## LEASES AND EXECUTORY CONTRACT

<u>Contracts to Which Debtor is a party</u>: Debtor as of petition date was a party to the leases and executory contracts herein detailed:
a.  Lease agreement with Eurolease for a Ford 350 automobile.- Debtor assumes this lease.
b.  Lease agreement with Eurolease for a 2007 Dodge Caravan- Debtor assumes this lease.
c.  Lease agreement with Plaza Las Américas, Inc. for the commercial premises located at Plaza Las Américas Shopping Center.- Debtor assumes this lease.

The Debtor also had leases with CRV Rio Hondo SE, LP, LLP and with Caparra Center Associates, LLC for commercial premises in the shopping centers owned by these lessor. Nevertheless, the Debtor rejected both leases on October 1, 2010, as explained above. The Debtor also holds a lease with Plaza Carolina Mall, LP. The same is to be rejected and the premises will be surrendered on or before January 15, 2011.

    9.1    <u>Assumption of Designated Executory Contracts and Unexpired leases</u>. Pursuant to Sections 1123(b)(2) and 365(a) of the Bankruptcy Code, the entry of the Confirmation Order by the Bankruptcy Court shall <u>constitute approval of the assumption,</u> as of the Effective Date, of each executory contract or unexpired lease to which the Debtor is a party for which a motion to assume is pending at the time of the Confirmation Date.

Unless otherwise provided in a pending motion to assume, on the Effective Date or as promptly as possible thereafter, the Debtor shall cure any defaults under such assumed executory contracts or unexpired leases to the extent required by Section 365 of the Bankruptcy Code. In addition, to the extent the Debtor has rights of setoff against any of the parties to these leases and contracts; the Debtor reserves the right to cure any defaults under such leases and contracts by exercising this right of setoff.

9.2     Rejection of Executory Contracts and Unexpired Leases. Pursuant to Sections 1123(b)(2) and 365(a) of the Bankruptcy Code, the entry of the Confirmation Order by the Bankruptcy Court shall constitute approval of the rejection, as of the Effective Date, of each executory contract and/or unexpired lease to which the Debtor has not filed a motion to assume.

9.3     Executory Contracts and Unexpired Leases Which Were Assumed or Rejected To Date. Any executory contract or unexpired lease (other than insurance policies) which (I) has not expired by its own terms on or prior to the Confirmation Date, (ii) has not been assumed or rejected with the approval of the Bankruptcy Court on or prior to the Confirmation Date, (iii) is not the subject of a motion to assume or reject which is pending at the time of the Confirmation Date, or (iv) is not designated in the Disclosure Statement, listing an executory contract or unexpired lease to be assumed at the time of confirmation of this Plan,  shall be deemed rejected and the entry of the Confirmation Order by the Bankruptcy Court shall constitute approval of such rejection pursuant to Sections 365(a) and 1123(b)(2) of the Bankruptcy Code.

9.4     Rejection Damage Claims. If the rejection of an executory contract or unexpired lease by the Debtor results in a claim for damages to the other party or parties to such contract or lease, any claim for such damages, if not heretofore evidenced by a filed proof of claim, shall be forever barred and shall not be enforceable against the Debtor's Estate, or its respective properties or agents, successors or assigns, unless a proof of claim is filed with the Bankruptcy Court and served upon counsel for the Debtor on or before the earlier of, 30 days after entry of the Order approving the rejection of the contract or unexpired lease, if such rejection is granted before Confirmation Date, or 30 days after Confirmation Date if the Confirmation Order constitutes approval of the rejection. Unless otherwise ordered by the Court or provided in the Plan, all such Allowed Claims for which proofs of claim are timely filed will be treated as General Unsecured Claims subject to the provisions of the Plan and to Section 502(b)(6) of the Bankruptcy Code, to the extent applicable. The Debtor shall have the right to object to any such rejection damage claims filed in accordance with this Section.

9.5     There are no post-petition Allowed Claim concerning rejected leases. Nevertheless any possible claim for this concept shall be treated as a Class 1 Administrative claim.

9.6     Post-Petition Agreements Unaffected By Plan. Except as otherwise expressly provided herein, nothing contained in the Plan shall alter, amend or supercede any agreements or contracts entered into by the Debtor after the Petition Date that were otherwise valid, effective and enforceable against the Debtor as of the Confirmation Date.

## ARTICLE VI
## PROOF OF CLAIMS NOT FILED

The Plan provides that where a proof of claim has not been filed, the Allowed Claim shall be in the amount appearing in the Schedules filed by the Debtor, provided however, that the scheduled amount is not shown as unliquidated, contingent or disputed, in which case no amount will be allowed unless the Debtor has notified such creditor and such creditor has filed a timely proof of claim. To the extent no debt was listed by the debtor in its Schedules, no amount will be provided for claimants who have not filed proof of claims. Exhibits are included with this disclosure statement with a description of classes and expected payment under the plan. Nevertheless, such summaries given shall be an orientation to the reader who is urged to read

and consider all sections of this Disclosure Statement.

## ARTICLE VII
## OBJECTIONS TO CLAIMS

The Debtor, at the option of the Debtor or upon order of the Bankruptcy Court, if requested, may file an objection to any claim as to its validity or amount **30 days after the confirmation date.** If an objection is made, payment to such claimants will be made only after the entry of a final order by the Court allowing such claim and in accordance with the provisions of the Plan governing such class to which such claims belongs. The Debtor anticipates at this time that it will be objecting the claim filed by the PR Department of Treasury

## ARTICLE VIII
## CONDITIONS PRECEDENT TO CONSUMMATION

Before consummation of the Plan takes place, the Confirmation Order shall have become a final order. In the event the conditions stated in the Plan are not satisfied, this Plan shall be null and void and the rights of all holders of claims and interests, and of the Debtor, shall be restored as of the date immediately preceding the Confirmation Date.

## ARTICLE IX
## NON ACCEPTANCE OF THE PLAN
## (Cramdown)

If all applicable requirements of 11 U.S.C. § 1129(a), other than subsection (a)(8), are met with respect of to the Plan, the Debtor hereby requests that the Court confirm this Plan not withstanding the requirements of said section, if it does not discriminate unfairly and is fair and equitable with respect to each class of claims or interests that is impaired under and has not accepted this Plan.

## ARTICLE X
## MEANS OF EXECUTION OF THE PLAN
## and
## MANAGEMENT OF DEBTOR

The Debtor is proposing a Plan of Reorganization, by the Debtor in Possession. This Plan of Reorganization under Debtor's own execution shall be substantially supported by Debtor's operations. The Debtor shall be managed by Ms. Aida Ortiz Ortiz, President, Ms. Paloma del Llano, Treasurer and Ms. Tamiky del Llano, CEO and Secretary. Mr. Aida Oritz Ortiz shall be receiving a salary for her work in the amount of $452.00/week. Ms. Paloma del Llano shall be receiving a salary for her work in the amount of $500/week. Ms. Tamiky del Llano shall be receiving a salary for her work in the amount of $500/week. See Exhibit 2, projections.

# ARTICLE XI
# PROVISIONS FOR THE MODIFICATION OF THE PLAN

The Debtor may propose amendments or modifications of the Plan at any time prior to its confirmation, upon notice to creditors and parties in interests. After confirmation of the Plan, the Debtor may, with the approval of the Court and as long as it does not adversely affect the interests of the creditors, remedy any defect or omission, in such manners as may be necessary to carry out the purposes and effects of the same.

# ARTICLE XII
# CLOSING OF THE CASE

At such time as the case has been substantially consummated, this case shall be closed. In order for the case to be closed, the Debtor shall file an application for final decree showing that the case has been fully administered and the Plan has been substantially consummated. The Court shall conduct a hearing upon application thereon and after notice to all creditors and parties in interests. Thereafter an order approving the Debtor's report and closing the case, shall be entered.

# ARTICLE XIII
# RELEASE AND DISCHARGE OF CLAIMS

13.1     Discharge. Except as otherwise expressly provided in Section 1141 of the Code or the Plan, the distributions made pursuant to and in accordance with the applicable terms and conditions of the Plan are in full and final satisfaction, settlement, release and discharge as against the Debtor of any debt of the Debtor that arose before the Effective Date, and any debt of the Debtor of a kind specified in Section 502(g), 502(h), or 502(i) of the Code, and all Claims against the Debtor or its Estate of any nature, including, without limitation, any interest accrued thereon from and after the Petition Date, whether or not (i) a proof of claim based on such debt, obligation or equity interest is filed or deemed filed under Section 501 of the Code, (ii) such Claim is Allowed under Section 502 of the Code, or (iii) the holder of such Claim has accepted the Plan.

13.2     Injunction Relating to the Plan. As of the Effective Date, all Persons are hereby permanently enjoined from commencing or continuing, in any manner or in any place, any action or other proceeding, whether directly, indirectly, derivatively or otherwise against the Debtor and/or its Estate, on account of, or respecting any Claims, debts, rights, Causes of Action or liabilities discharged pursuant to the Plan, except to the extent expressly permitted under the Plan or under any specific order entered by the Bankruptcy Court.

13.3     Setoffs. Except as otherwise provided in this Plan, nothing contained in this Plan shall constitute a waiver or release by the Estate of any rights of setoff the Estate may have against any Person.

# ARTICLE XIV

## OTHER PROVISIONS

Confirmation of the Plan and the Confirmation Order will vest title of all property of the Estate in Debtor and will constitute final settlement of payment to all creditors.

All injunctions or stays provided for in the bankruptcy case at bar under Sections 105 or 362 of the Bankruptcy Code (11 U.S.C.), or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date.

All claims against Debtor of whatever nature, including any claim arising from the rejection of any executory contract, or any other action, shall be bound by the provisions of this Plan.

Any holder of a claim or interest who fails to file an objection in writing to the provisions of the Plan, which is filed with the Court and served upon counsel for the Debtor, not later than the date set for the confirmation of the plan, shall be deemed to have accepted its classification and to be bound by the proposed Plan.

All actions taken by the Debtor with respect to any person shall not be construed to release, waive, discharge, compromise or in any other way satisfy any claim, except those subject to any agreement between the parties.

Upon completion of the requirements of the Plan and the order of confirmation, the Debtor and /or the claimant shall execute all corresponding documents and cooperate fully to reflect, release and / or reaffirm all the obligations herein provided.

The Plan shall become effective upon the Effective Date of the Plan, which is thirty (30) days after the order for confirmation is a final and firm order.

To the extent that any term of this Disclosure Statement varies from the terms of the Plan, the terms of the Plan shall govern.

## ARTICLE XV
## RETENTION OF JURISDICTION

The Bankruptcy Court shall retain jurisdiction over this case as is conferred upon it by law, rule or statute, or by the Plan, to enable the Debtor to substantially consummate any and all proceedings which it may bring before or after the entry of the order of confirmation, in order to carry out the provisions of the Plan, including but not limited to any adversary proceeding filed or contested matter pending before the Court.

**RESPECTFULLY SUBMITTED**, in San Juan, Puerto Rico, this 6th day of April 2011.

s/ Tamiky Del Llano
Ms. Tamiky Del Llano
Debtor's President

    **I HEREBY CERTIFY** that on this same date I electronically filed the foregoing through the CM/ECF system, which will send notification of such filing to the parties listed therein and that Notice has been provided to all creditors and parties in interest that do not receive electronic notice.

                 **C. CONDE & ASSOC.**
                 *S/Luisa S. Valle Castro*
                 Luisa S. Valle Castro, Esq.
                 USDC No. 215611
                 254 San José Street, 5th Floor
                 Old San Juan, Puerto Rico 00901
                 Telephone: 787-729-2900
                 Facsimile: 787-729-2203
                 E-Mail: *condecarmen@microjuris.com*

SUPER PET CENTER, INC.
Case No. 10-08177 (SEK)
PAYMENTS UNDER THE PLAN OF REORGANIZATION

Dated: April 6, 2011
Last POC: 35

| CREDITOR | CLAIM NUMBER | CLAIM CLASS | PLAN CLASS | CLAIM AMOUNT | ALLOWED AMOUNT | ALLOWED PLAN | % of Prorata | Monthly Payment | Year 1 Dist. $25,000 | Year 2 Dist. $25,000 | Year 3 Dist. $25,000 | Year 4 Dist. $25,000 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Administrative Expenses** | | | | | | | | | | | | |
| C. Conde & Assoc. - Attorney's Fees | Estimated | Adm. | 1 | 17,000 | 17,000 | 17,000 | | | 17,000 | | | |
| W. Lugo Mender - CPA's Fees | Estimated | Adm. | 1 | 9,919 | 9,919 | 9,919 | | | 9,919 | | | |
| US Trustee - Quarterly Fees | Estimated | Adm. | 1 | 1,950 | 1,950 | 1,950 | | | 1,950 | | | |
| Total | | | | 28,869 | 28,869 | 28,869 | | | 28,869 | | | |
| Oriental Bank & Trust | 1 | S | 2 | 301,348 | 301,348 | 301,348 | | 3,053 | 36,637 | 36,637 | 36,637 | 36,637 |
| **Landlords** | | | | | | | | | | | | |
| Caparra Center Associates, LLC | 6 | U | 3 | 129,559 | 129,559 | 129,559 | | | | | | |
| DDR Rio Hondo LLC, SE | 27 | U | 3 | 212,758 | 212,758 | 212,758 | | | | | | |
| DDR Senorial LLC, SE | 25 | U | 3 c/u | 59,111 | 59,111 | 59,111 | | | | | | |
| Plaza Carolina Mall, LP | 31 | U | 3 c/u | 226,484 | 226,484 | 226,484 | | | | | | |
| Plaza Las Americas | 21 | Lease | 3 | 47,885 | 47,885 | 47,885 | | 3,990 | 47,885 | | | |
| | | | | 675,797 | 675,797 | 675,797 | | 3,990 | 47,885 | | | |
| **Other General Unsecured Claims** | | | | | | | | | | | | |
| A&E Cage Co. LLC | Scheduled | U | 4 | 1,809 | 1,809 | 1,809 | 0.11% | | 27 | 27 | 27 | 27 |
| AAA | Scheduled | U | 4 | - | - | - | 0.00% | | - | - | - | - |
| AEE | 20 | U | 4 | 2,510 | 2,510 | 2,510 | 0.15% | | 37 | 37 | 37 | 37 |
| Arrowpac - 667673 | Scheduled | U | 4 | 1,178 | 1,178 | 1,178 | 0.07% | | 17 | 17 | 17 | 17 |
| Arrowpac - 687918 | Scheduled | U | 4 | 283 | 283 | 283 | 0.02% | | 4 | 4 | 4 | 4 |
| Arrowpac - 689914 | Scheduled | U | 4 | 420 | 420 | 420 | 0.02% | | 6 | 6 | 6 | 6 |
| Banco Popular - Credit Line | 22 | U | 4 | 92,173 | 92,173 | 92,173 | 5.44% | | 1,359 | 1,359 | 1,359 | 1,359 |
| Banco Santander - Credit Card | Scheduled | U | 4 | 8,779 | 8,779 | 8,779 | 0.52% | | 129 | 129 | 129 | 129 |
| Banco Santander - Credit Line | 14 | U | 4 | 176,949 | 176,949 | - | 0.00% | | - | - | - | - |
| Bank of America - Credit Card | Scheduled | U | 4 | 18,681 | 18,681 | 18,681 | 1.10% | | 275 | 275 | 275 | 275 |
| Bismark | Scheduled | U | 4 | 477 | 477 | 477 | 0.03% | | 7 | 7 | 7 | 7 |
| Calderon Transport | Scheduled | U | 4 | - | - | - | 0.00% | | - | - | - | - |
| Caparra Center Associates, LLC | 6 | U | 4 | 129,559 | 129,559 | 129,559 | 7.64% | | 1,910 | 1,910 | 1,910 | 1,910 |
| CFSE | 30 | U | 4 | 1,314 | 1,314 | 1,314 | 0.08% | | 19 | 19 | 19 | 19 |
| CRIM - Personal Property | 2 | U | 4 | 483,674 | 97,838 | 97,838 | 5.77% | | 1,442 | 1,442 | 1,442 | 1,442 |
| DDR Rio Hondo LLC, SE | 27 | U | 4 | 212,758 | 212,758 | 212,758 | 12.55% | | 3,137 | 3,137 | 3,137 | 3,137 |
| DDR Senorial LLC, SE | 25 | U | 4 c/u | 59,111 | 59,111 | 59,111 | 3.49% | | 871 | 871 | 871 | 871 |
| FM Browns Sons, Inc. | 7 | U | 4 | 14,244 | 14,244 | 14,244 | 0.84% | | 210 | 210 | 210 | 210 |
| Fresh Imports, SA | Scheduled | U | 4 | 14,096 | 14,096 | 14,096 | 0.83% | | 208 | 208 | 208 | 208 |
| Hartz | 8 | U | 4 | 42,301 | 42,301 | - | 0.00% | | - | - | - | - |
| Hartz | 9 | U | 4 | 42,301 | 42,301 | 42,301 | 2.49% | | 624 | 624 | 624 | 624 |
| Internal Revenue Services | 15 | U | 4 | 2,641 | 2,641 | 2,641 | 0.16% | | 39 | 39 | 39 | 39 |
| Ivan Aranda | Scheduled | U | 4 | 3,400 | 3,400 | 3,400 | 0.20% | | 50 | 50 | 50 | 50 |
| Jane Rondon Duiz | 29 | U | 4 | 10,000 | 10,000 | 10,000 | 0.59% | | 147 | 147 | 147 | 147 |
| Marineland | 19 | U | 4 | 28,828 | 28,828 | 28,828 | 1.70% | | 425 | 425 | 425 | 425 |
| Negretti | Scheduled | U | 4 | 8,507 | 8,507 | 8,507 | 0.50% | | 125 | 125 | 125 | 125 |
| Nestle | 12 | U | 4 | 30,795 | 30,795 | 30,795 | 1.82% | | 454 | 454 | 454 | 454 |
| Pet Products | 19 | U | 4 | 13,966 | 13,966 | 13,966 | 0.82% | | 206 | 206 | 206 | 206 |
| Plaza Carolina Mall, LP | 31 | U | 4 | 226,484 | 226,484 | 226,484 | 13.36% | | 3,339 | 3,339 | 3,339 | 3,339 |
| PR Departement of Treasury | 34 | U | 4 | 1,491,415 | 26,915 | 26,915 | 1.59% | | 397 | 397 | 397 | 397 |
| PRTC - 2618278260 | Scheduled | U | 4 | 46 | 46 | 46 | 0.00% | | 1 | 1 | 1 | 1 |
| PRTC - 2618607200 | Scheduled | U | 4 | 156 | 156 | 156 | 0.01% | | 2 | 2 | 2 | 2 |
| PRTC - 7524718042 | Scheduled | U | 4 | 114 | 114 | 114 | 0.01% | | 2 | 2 | 2 | 2 |
| PRTC - 7534547355 | Scheduled | U | 4 | 113 | 113 | 113 | 0.01% | | 2 | 2 | 2 | 2 |
| PRTC - 7597039534 | Scheduled | U | 4 | 91 | 91 | 91 | 0.01% | | 1 | 1 | 1 | 1 |
| PRTC - 7649187042 | Scheduled | U | 4 | 49 | 49 | 49 | 0.00% | | 1 | 1 | 1 | 1 |
| PRTC - 7729301029 | Scheduled | U | 4 | 143 | 143 | 143 | 0.01% | | 2 | 2 | 2 | 2 |
| PRTC - 7882835597 | Scheduled | U | 4 | 441 | 441 | 441 | 0.03% | | 7 | 7 | 7 | 7 |
| PRTC - 7926980209 | Scheduled | U | 4 | 123 | 123 | 123 | 0.01% | | 2 | 2 | 2 | 2 |

SUPER PET CENTER, INC.
Case No. 10-08177 (SEK)
PAYMENTS UNDER THE PLAN OF REORGANIZATION

Dated: April 6, 2011
Last POC: 35

| CREDITOR | CLAIM NUMBER | CLAIM CLASS | PLAN CLASS | CLAIM AMOUNT | ALLOWED AMOUNT | ALLOWED PLAN | Monthly Payment | Year 1 | Year 2 | Year 3 | Year 4 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| PRTC - 7928752659 | Scheduled | U | 4 | 67 | 67 | 67 | 0.00% | 1 | 1 | 1 | 1 |
| Robles & Frias | 13 | U | 4 | 7,452 | 7,452 | 7,452 | 0.44% | 110 | 110 | 110 | 110 |
| Royal Properties, Inc. | Scheduled | U | 4 | 13,143 | 13,143 | 13,143 | 0.78% | 194 | 194 | 194 | 194 |
| Sanum | Scheduled | U | 4 | 4,914 | 4,914 | 4,914 | 0.29% | 72 | 72 | 72 | 72 |
| Sergeants | Scheduled | U | 4 | 6,924 | 6,924 | 6,924 | 0.41% | 102 | 102 | 102 | 102 |
| Tania Del Llano / Ian Del Llano | 23 | U | 4 | 176,985 | 176,985 | 176,985 | 10.44% | 2,609 | 2,609 | 2,609 | 2,609 |
| Tania Del Llano / Ian Del Llano | 28 | U | 4 | 350,000 | 350,000 | 350,000 | 20.64% | 5,160 | 5,160 | 5,160 | 5,160 |
| Tetra | Scheduled | U | 4 c/u | 29,151 | 29,151 | 29,151 | 1.72% | 430 | 430 | 430 | 430 |
| United Pet Group | 18 | U | 4 c/u | 26,938 | 26,938 | 26,938 | 1.59% | 397 | 397 | 397 | 397 |
| Voys Toys | Scheduled | U | 4 | 5,290 | 5,290 | 5,290 | 0.31% | 78 | 78 | 78 | 78 |
| Westminster | 3 | U | 4 | 24,554 | 24,554 | 24,554 | 1.45% | 362 | 362 | 362 | 362 |
| | | | | 3,765,344 | 1,872,707 | 1,695,759 | 100% | | | | |
| *Estate of Raul del Llano* | | | | | | | | | | | |
| Tania Del Llano / Ian Del Llano | 23 | U | 5 c/u | 176,985 | 176,985 | - | - | - | - | - | - |
| Tania Del Llano / Ian Del Llano | 28 | U | 5 c/u | 350,000 | 350,000 | - | - | - | - | - | - |
| Total | | | | 526,985 | 526,985 | - | - | - | - | - | - |
| *Subordinated Claims* | | | | | | | | | | | |
| DDR Rio Hondo LLC, SE | 27 | U | 6 c/u | 212,758 | 125,000 | To be determined | - | - | - | - | - |
| Equity Security and/or Other Interest Holders | Scheduled | U | 7 | - | - | - | - | - | - | - | - |
| **OVERALL TOTAL FOR PLAN CLASSES** | | | | $ 5,511,100 | $ 3,530,705 | $ 2,701,772 | $ 7,044 | $ 138,391 | $ 61,637 | $ 61,637 | $ 61,637 |
| *Priority Wage Claims* | | | | | | | | | | | |
| Carmen N Nieves Flores | 10 | P | | 1,305 | 1,305 | 1,305 | - | 1,305 | - | - | - |
| Cecilio Fernandez Ortiz | 35 | P | | 3,454 | 1,200 | 1,200 | - | 1,200 | - | - | - |
| Frances M Pena Jimenez | 11 | P | | 1,350 | 1,350 | 1,350 | - | 1,350 | - | - | - |
| Total | | | | 6,109 | 3,855 | 3,855 | - | 3,855 | - | - | - |
| *Priority Taxes* | | | | | | | | | | | |
| Internal Revenue Service | 15 | Taxes | | 293 | 293 | 293 | 7 | 79 | 79 | 79 | 79 |
| Municipality of Bayamon | Scheduled | Taxes | | 2,802 | 2,802 | 2,802 | 63 | 752 | 752 | 752 | 752 |
| Municipality of Carolina | Scheduled | Taxes | | 5,705 | 5,705 | 5,705 | 128 | 1,530 | 1,530 | 1,530 | 1,530 |
| Municipality of Cataño | 18 | Taxes | | 1,546 | 1,546 | 1,546 | 35 | 415 | 415 | 415 | 415 |
| Municipality of Guaynabo | 33 | Taxes | | 8,820 | 8,820 | 8,820 | 197 | 2,366 | 2,366 | 2,366 | 2,366 |
| Municipality of San Juan | Scheduled | Taxes | | 20,436 | 20,436 | 20,436 | 457 | 5,482 | 5,482 | 5,482 | 5,482 |
| PR Department of Treasury | 34 | Taxes | | 29,929 | 14,508 | 14,508 | 324 | 3,892 | 3,892 | 3,892 | 3,892 |
| Total | | | | 69,530 | 54,109 | 54,109 | 1,210 | 14,516 | 14,516 | 14,516 | 14,516 |
| *Operating Leases* | | | | | | | | | | | |
| Oriental Bank & Trust - Ford | 4 | Lease | | 13,147 | 13,147 | 13,147 | 668 | 8,016 | 5,132 | - | - |
| Oriental Bank & Trust - Dodge Caravan | 5 | Lease | | 13,835 | 13,835 | 13,835 | 430 | 5,155 | 5,155 | 3,526 | - |
| Total | | | | 26,982 | 26,982 | 26,982 | 1,098 | 13,170 | 10,286 | 3,526 | - |
| **TOTAL FOR PRIORITY AND LEASES** | | | | $ 102,621 | $ 84,947 | $ 84,947 | $ 2,307 | $ 31,541 | $ 24,802 | $ 18,042 | $ 14,516 |
| **TOTAL FOR PLAN, PRIORITY & LEASES** | | | | $ 5,613,722 | $ 3,615,652 | $ 2,786,719 | $ 9,352 | $ 169,932 | $ 86,439 | $ 79,679 | $ 76,153 |